UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

XEROX CORPORATION,

                          Plaintiff,

v.                                       Action No. 3:10–CV–412

PREMIERE COLORS, LLC,

                          Defendants.

## MEMORANDUM OPINION

This matter is before the Court on Premiere Colors, LLC's ("Premiere Colors") Motion to Dismiss for Improper Venue (Docket No. 4). For the reasons stated below, the Court DENIES the Motion.

## BACKGROUND

Xerox Corporation ("Xerox") filed this breach of contract action against Premiere Colors on June 17, 2010. Xerox, a New York Corporation with its principal place of business in Connecticut, asserts two state-law claims against Premiere Colors, a Virginia corporation with its principal place of business here, arising from Premiere Colors's alleged failure to make payment on an equipment lease and maintenance agreement. Seeking over $600,000 in back payments and fees from a diverse defendant, Xerox asserts the Court possesses subject matter jurisdiction under 28 U.S.C. § 1332. Premiere Colors has its principal place of business in Ashland and contracted with Xerox for services and equipment there, so "a substantial part of the events . . . giving rise to the claim occurred" in this district. 28 U.S.C. § 1391(a) (2002). Premiere Colors does not contest the Court's jurisdiction over it.

1

On July 14, Premiere Colors moved for dismissal under Federal Rule of Civil Procedure 12(b)(3), claiming venue is improper in this Court. The maintenance and lease contracts between the parties contain a forum selection clause that reads:

> This Agreement constitutes the entire agreement as to its subject matter, supersedes all prior and contemporaneous oral and written agreements, and shall be construed under the laws of the State of New York (without regard to conflict-of-law principles). *You [Premiere Colors] agree to the jurisdiction and venue of the federal and state courts in Monroe County, New York.* In any action to enforce this Agreement, the parties agree to waive their right to a jury trial.

*Compl.* Ex. A at 8 ¶ 20 [Lease Agreement], Ex. B at 7 ¶ 36 [Modified Lease Agreement], Ex. C. at 7 ¶ 13 [Maintenance Agreement] (Docket No. 1) (emphasis added). Premiere Colors argues that this forum selection clause is mandatory and therefore requires the dismissal of this action or transfer to the federal court encompassing Monroe County, New York, pursuant to 28 U.S.C. § 1406(a).[1] For its part, Xerox argues that dismissal and transfer are unwarranted. It argues that the forum selection clause is permissive, and therefore allows, but does not require, Xerox to file suit in Monroe County.

ANALYSIS

I. Standard of Review

This Court reviews a motion to dismiss pursuant to a forum selection clause under Federal Rule of Civil Procedure 12(b)(3). *Sucampo Pharms., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 550 (4th Cir. 2006). In reviewing a motion to dismiss under Rule 12(b)(3), this Court may "freely consider evidence outside the pleadings." *Id.* Nevertheless, "[i]n deciding a motion to dismiss, all inferences must be drawn in favor of the plaintiff, and the facts must be viewed as

---

[1] "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (1996).

2

the plaintiff most strongly can plead them." *Sun Dun, Inc. of Wash. v. Coca-Cola Co.*, 740 F. Supp. 381, 385 (D.Md. 1990) (citation omitted).

II. Whether the Clause is Permissive or Mandatory

The parties mainly dispute whether the forum selection clause is mandatory or permissive. The importance of this question lies in the fact that under Virginia law—which may apply to this question in this diversity action—mandatory forum selection clauses are prima facie enforceable.[2] *Paul Bus. Sys., Inc. v. Canon U.S.A., Inc.*, 240 Va. 337, 342, 397 S.E.2d 804 (Va. 1990). The same is true under federal law. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); *Pee Dee Health Care, P.A. v. Sanford*, 509 F.3d 204, 213 (4th Cir. 2007). So even though it is unclear which forum's law applies to this question, the Court must presume the clause is enforceable, if it concludes the clause mandates venue in Monroe County.

A mandatory forum selection clause requires that a suit be brought in the designated forum, while a permissive one authorizes, but does not require, that the plaintiff lay suit in that district. *Bank v. Advanced System Services, Corp.*, 2009 WL 855730 slip op. at *3 (E.D.Va. Mar. 30, 2009). A mandatory forum selection clause contains "clear language showing that jurisdiction is appropriate only in the designated forum." *TECH USA*, *Inc. v. Evans*, F.Supp.2d 852, 856 (D.Md. 2009) (citation omitted). The language in a mandatory clause excludes jurisdictions outside the stated forum as improper; language simply conferring jurisdiction on

---

[2] Neither the Supreme Court nor the Fourth Circuit have decided whether federal or forum state law applies to the construction of a forum selection clause in a diversity action. *See Orion Worldwide Travel, LLC v. Commonwealth Foreign Exchange*, 2009 WL 4064109 slip op. at 2 n. 3 (E.D.Va. Nov. 20, 2009).

3

that forum is insufficient to make the clause mandatory. *Intracomm, Inc. v. Bajaj*, 492 F.3d 285, 290 (4th Cir. 2007).

The clause in this case states that Premiere Colors "agree[s] to the jurisdiction and venue of the federal and state courts in Monroe County, New York." One New York district court construed a clause nearly identical to the one in this case as permissive. *Leasing Service Corp. v. Patterson Enterprises, Ltd.*, 633 F.Supp. 282, 283-84 (S.D.N.Y. 1986) ("[The party] agrees to the venue and jurisdiction of any court located within the State and County of New York[.]"). In lieu of additional limiting language, another court has construed a clause stating that the parties "agree" to a certain forum as permissive. *See Williams v. RIP Records*, 2005 WL 1924181 slip op. at *1, 5 (S.D.Tex. Aug. 9, 2005) ("[T]he parties agree to submit [a] dispute to the jurisdiction of the state and federal courts located in Los Angeles County.").

Generally, courts construing a clause including the word "agree" have concluded the clause is mandatory only if the clause also contains limiting language, such as "shall," "only," or "exclusive." *See, e.g., Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 275 (9th Cir. 1984) ("[The party] expressly agrees that any and all disputes . . . shall be litigated only in the Superior Court for Los Angeles, California (and in no other)[.]"); *Star Fuel Centers, Inc. v. Full Stop, Inc.*, 2006 WL 2038052 slip op. at *2 (D.Kan. July 19, 2006) ("[The party] agrees that the sole and exclusive forum for any legal proceedings between the parties shall be the District Court of Johnson County, Kansas.").

This forum selection clause is permissive. Aside from the weight of these cases, it is more natural to read the clause as permissive, in the following sense: 'You agree to the jurisdiction and venue of the federal and state courts in Monroe County, *if we file the case there.*' It seems less likely that the clause was intended to read, 'You agree *only* to the jurisdiction and

4

venue of the federal and state courts in Monroe County.' Read in the former sense, the clause confers jurisdiction and venue upon Monroe County courts but does not require them.

It is true, as Premiere Colors points out, that the language in this clause is distinguishable from the language construed in a leading Fourth Circuit case on this issue, *Intracomm, Inc. v. Bajaj*, 492 F.3d 285 (4th Cir. 2007). There, a panel held permissive a clause that declared "either party *shall be free* to pursue its rights" in a Virginia state court. 492 F.3d at 290 (emphasis in original). As Premiere Colors points out, that language is indeed different from the language offered in this case, but that fact is less than helpful. Xerox argues that the relevance of *Intracomm* lies more in the panel's statement that "an agreement *conferring* jurisdiction in one forum will not be interpreted as *excluding* jurisdiction elsewhere unless it contains specific language of exclusion." *Id.* at 290 (emphasis in original). Xerox is correct. The language this Court construes may be different than language in *Intracomm*, but it seems no less permissive.

For the reasons stated above, the Court DENIES Premiere Colors's Motion to Dismiss.

An appropriate Order shall issue.

> /s/
> James R. Spencer
> Chief United States District Judge

ENTERED this  4th  day of October 2010

5